IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ROBERT JACKSON d/b/a JACKSON      §
PRESSURE WASH,                    §
                                  §
     Plaintiff,                   §
v.                                §      CIVIL ACTION NO. H-06-0080
                                  §
ROADWAY EXPRESS, INC.,            §
                                  §
     Defendant.                   §

MEMORANDUM AND ORDER

Pending is Defendant Roadway Express, Inc.'s Motion for Partial Summary Judgment (Document No. 18). Plaintiff Robert Jackson d/b/a Jackson Pressure Wash filed no response, and pursuant to Local Rule 7.4, the motion is deemed unopposed. After carefully considering the motion and the applicable law, the Court concludes as follows.

I. Background

This is a breach of contract dispute. For many years, Plaintiff Robert Jackson d/b/a Jackson Pressure Wash ("Plaintiff"), a citizen of Texas, provided a variety services as an independent contractor to Defendant Roadway Express, Inc. ("Defendant"), a Delaware corporation with its principal place of business in Ohio. Of these services, only the janitorial work was covered by a written contract that provides for termination by either party with

thirty days notice.  Plaintiff provided all other services at the
oral request of Defendant and invoiced Defendant for those services
on a monthly basis.  Document No. 18 at 1, 3, ex. 2 at 75-76.

Plaintiff suffered a brain injury in 2001 that allegedly
affected his ability to run his business.  Id. ex. 2 at 116-127,
ex. 3.  Plaintiff fell behind on payment of federal taxes,
prompting the Internal Revenue Service ("I.R.S.") to levy on
amounts due to Plaintiff from Defendant for unpaid invoices.
Defendant complied with the levy by making two payments to the
I.R.S. totaling $102,688.61.  Id. ex. 2 at 163-164.  After the levy
issued, Defendant terminated its relationship with Plaintiff,
providing the thirty-day notice required under the parties' written
agreement.

Plaintiff filed suit in state court for: (1) nonpayment of a
sworn account; (2) breach of contract; (3) quantum meruit; and
(4) loss of business opportunity.  Document No. 1 at 8-11.  Under
his "loss of business opportunity" claim, Plaintiff seeks recovery
for damages, including lost profit upon which "Plaintiff would have
relied over the next several years until his retirement at age
65," allegedly caused by Defendant's failure timely to pay
invoices, which purportedly triggered an unfortunate series of
events, including Plaintiff's tax arrearage, the I.R.S. levy,
Defendant's termination of its contract with Plaintiff, and,
ultimately, the demise of Plaintiff's business.  Id. at 10-11.

Defendant now moves for judgment on Plaintiff's "loss of business
opportunity" claim, contending *inter alia* that there is no evidence
substantiating that these damages were foreseeable at the time of
contract.  Document No. 18 at 9-10.

## II.  <u>Standard of Review</u>

Rule 56(c) provides that summary judgment "shall be rendered
forthwith if the pleadings, depositions, answers to interroga-
tories, and admissions on file, together with the affidavits, if
any, show that there is no genuine issue as to any material fact
and that the moving party is entitled to a judgment as a matter of
law."  FED. R. CIV. P. 56(c).  The moving party must "demonstrate
the absence of a genuine issue of material fact."  <u>Celotex Corp. v.</u>
<u>Catrett</u>, 106 S. Ct. 2548, 2553 (1986).

Once the movant carries this burden, the burden shifts to the
nonmovant to show that summary judgment should not be granted.  *See*
<u>id.</u> at 2553-54.  A party opposing a properly supported motion for
summary judgment may not rest upon mere allegations or denials in
a pleading, and unsubstantiated assertions that a fact issue exists
will not suffice.  *See* <u>Morris v. Covan World Wide Moving, Inc.</u>, 144
F.3d 377, 380 (5th Cir. 1998) (citing <u>Anderson v. Liberty Lobby,</u>
<u>Inc.</u>, 106 S. Ct. 2505, 2514-15 (1986)).  "[T]he nonmoving party
must set forth specific facts showing the existence of a 'genuine'
issue concerning every essential component of its case."  <u>Id.</u>

In considering a motion for summary judgment, the district court must view the evidence through the prism of the substantive evidentiary burden.  *See* <u>Anderson</u>, 106 S. Ct. at 2513-14.  All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party.  *See* <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 106 S. Ct. 1348, 1356 (1986).  "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper.  <u>Kelley v. Price Macemon, Inc.</u>, 992 F.2d 1408, 1413 (5th Cir. 1993) (citing <u>Matsushita</u>, 106 S. Ct. at 1351).  On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper."  <u>Id.</u> (citing <u>Anderson</u>, 106 S. Ct. at 2511).  Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial."  <u>Anderson</u>, 106 S. Ct. at 2513.

## III.  <u>Discussion</u>

Defendant's contends that Plaintiff's "loss of business opportunity" claim fails because Plaintiff has presented no evidence that these damages were reasonably foreseeable at the time of contract.  Document No. 18 at 9.  Under Texas law, "[d]irect damages compensate the plaintiff for the loss that is conclusively

presumed to have been foreseen by the defendant from his wrongful act." Arthur Anderson & Co. v. Perry Equip. Corp., 945 S.W.2d 812, 816 (Tex. 1997).  In contrast, "[c]onsequential damages . . . result naturally, but not necessarily from the defendant's wrongful acts."  Id.; accord Haynes & Boone v. Bowser Bouldin, Ltd., 896 S.W.2d 179, 182 (Tex. 1995).  Here, Plaintiff's claim does not seek recovery for damages that would necessarily result from Defendant's breach of the agreement, such as the amount owed on outstanding invoices, but rather, alleges that Defendant's conduct triggered a chain of events culminating with the loss of Plaintiff's business and resulting damages.   Thus, Plaintiff's claim is properly classified as one for consequential damages.

In Texas, consequential damages "are not recoverable unless the parties contemplated at the time they made the contract that such damages would be a probable result of the breach." Stuart v. Bayless, 964 S.W.2d 920, 921 (Tex. 1998)(per curiam).  Therefore, to recover consequential damages, a plaintiff must prove they are "foreseeable and directly traceable to the wrongful act and result from it." Id.; see also, e.g., Schmueser v. Burkburnett Bank, 937 F.2d 1025, 1030 (5th Cir. 1991)(stating that, under Texas law, "a plaintiff must prove that the damages alleged were a reasonably foreseeable result of the wrongdoing in question").

Although the foreseeability of Plaintiff's damages is essential to his claim for consequential damages, Plaintiff did not

respond to Defendant's motion, and the summary judgment record contains no evidence suggesting that Defendant knew or had reason to know when it contracted for Plaintiff's services that its failure timely to pay the disputed invoices would likely result in the loss of Plaintiff's business, let alone Plaintiff's loss of *all profits* he might have earned for the *next 12 years*, until Plaintiff reached age 65.  Moreover, in a letter to the I.R.S. requesting abatement of penalties, Plaintiff cites his "major illness," rather than any act or omission of Defendant, as the "one overwhelming reason" for his tax arrearage, thereby implying that his damages were not directly attributable to Defendant's conduct.  In short, there is no summary judgment evidence to support Plaintiff's allegations.  "In such a situation, there can be no 'genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Celotex Corp., 106 S. Ct. at 2552.  Accordingly, the lack of evidence substantiating the foreseeability of Plaintiff's "loss of business opportunity" entitles Defendant to summary judgment on this claim.

## IV.  Order

It is therefore ORDERED that Defendant Roadway Express, Inc.'s Motion for Partial Summary Judgment (Document No. 18) is GRANTED.

Remaining for trial are Plaintiff's claims for recovery on a sworn account, breach of contract, and quantum meruit.

The Clerk shall notify all parties and provide them with a true copy of this Order.

SIGNED in Houston, Texas, on this 27th day of June, 2007.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE